## McVAY'S ADMR'S v. KREBS.

1. After the plaintiff has taken issue informally upon a plea of the insolvency of the estate of which the defendants are sued as administrators, and which plea is conceded to be substantially good, it is error if the judgment entry recites that it was overruled by the Court.

Writ of Error to the County Court of Mobile county.

Assumpsit by Krebs against E. and D. McVay, as administrators of the estate of D. McVay, deceased. The defendants pleaded—1. Non-assumpsit. 2. That the estate of the said McVay had been by them represented as insolvent, and so declared by the County Court of Mobile county, by which letters of administration were granted. The transcript contains a memorandum, that issue was taken on both pleas. The judgment entry recites that the second plea being considered by the Court, "the same is overruled." A verdict was then found for the plaintiff, on which judgment was given.

The defendant now assigns as error—

1. That the plea of insolvency was overruled, and adjudged insufficient.

2. That the judgment ought to have been referred to the Orphans' Court.

Adams, for the plaintiff in error.

Dargan, contra, insisted that the proper construction of the judgment entry is, that a judgment was pronounced, not on the sufficiency of the plea, which he conceded was good, but was upon the evidence offered to sustain it.

GOLDTHWAITE, J.—Both parties concur that the record of the Orphans' Court appended to this transcript, cannot be noticed in the present condition of the record; we shall, therefore, decline any consideration as to the effect it would have had, if produced, to sustain an issue of *nul tiel record* upon the plea of insolvency. With respect to the statement in the judg-

ment entry, that this plea was overruled, we think it can only mean, that the Court declared it bad, as a defence.   It is true, no demurrer was interposed, but this circumstance only makes the error of the proceeding more apparent, as a demurrer was the only regular mode of testing the legal sufficiency of this plea.    The concession that it is good, in effect, disposes of the only question raised.

The judgment must be reversed, and either remanded for further proceedings, or here entered, referring the judgment to the County Court, at the option of the defendant in error.